UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOENDEL HERNANDEZ and** | * | **CIVIL ACTION NO.:** |
| **ANTHONY DUCKWORTH** | * | |
| | * | **SEC.        MAG** |
| **versus** | * | |
| | * | |
| | * | |
| | * | |
| **DEDICATED TCS, L.L.C. and** | * | |
| **ARKEMAN, INC.** | * | |
| **FILED:**_____ | | _____ |
| | | **DEPUTY CLERK** |

## COMPLAINT

TO:   HONORABLE JUDGES OF THE EASTERN DISTRICT COURT OF THE STATE OF LOUISIANA:

The complaint of Joendel Hernandez and Anthony Duckworth, both persons of the full age of majority and citizens of the Parish of Orleans, State of Louisiana, respectfully represents that:

I.

That this Honorable Court has jurisdiction over this matter pursuant to the existence of complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

II.

Made defendants herein are:

**DEDICATED TCS, L.L.C.** (Hereinafter "**DTCS**"), a foreign company authorized to do and doing business in the State of Louisiana, with its principal place of business in the State of Illinois;

**ARKEMAN, INC.** (hereinafter **"ARKEMA"**), a foreign company

authorized to do and doing business in the State of Louisiana with its principal place of business in the State of Pennsylvania;

III.

That **DTCS** and **ARKEMAN** are justly and truly indebted unto plaintiffs in the full and true sum of more than $75,000.00(seventy five thousand dollars), to each, for the following reasons to wit:

IV.

That on or about the 8th day of October, 2015, Joendel Hernandez and Anthony Duckwork were employees of DTCS and assigned to clean a tank car at **DTCS**'s facility located at 7500 Terminal Road in the Port of New Orleans, Jordan Road Facility.

V.

**DTCS** was aware that the tank car to be cleaned contained hazardous and/or toxic chemical vapors and that the employees would have to work in a confined space without ventilation.

VI.

**DTCS** did not test the air quality prior to ordering plaintiffs to enter the tank car and failed to provide petitioners with breathing apparatus to ensure their ability to breath upon entering the confined space of the tank car.

VII.

Plaintiffs lost consciousness immediately after entering the tank car as a direct result of the exposure to hazardous vapors in the tank and the lack of

oxygen.

VIII.

That Occupational Safety and Health Administration conducted an exhaustive investigation of the incident and concluded that the above described incident was, in fact, caused by the intentional acts of **DTCS** which acts are more particularly described as follows:

- A. Engaging in a pattern and practice of deliberately failing to test the air quality of the tank car before ordering employees to enter confined spaces that contained hazardous chemicals;
- B. Engaging in a pattern and practice of deliberately failing to provide life lines to their employees;
- C. Engaging in a pattern and practice of deliberately failing to follow routine safety rules;
- D. Engaging in a pattern and practice of deliberately failing to properly train their employees regarding working in confined spaces where chemicals are present;
- E. Other acts of intentional conduct which will be shown more fully at trial.

IX.

That in the alternative, and only in the event that it is determined that the intentional conduct of **DTCS** was not the sole cause of the incident, then it is

alleged that the incident was caused by the negligence of **ARKEMAN** which negligent acts are more particularly described as follows;

    A.    Failing to properly label the contents of the tank car as containing hazardous vapor and/or chemicals;

    B.    Failing to warn **DTCS** of the hazardous nature of the contents of the tank before assigning it to **DTCS** for cleaning;

    C.    Other acts of negligence which will be shown more fully at trial.

X.

That as direct result of the incident described herein above, Joendel Hernandez sustained injuries to his heart, lungs and head requiring medical treatment.

XI.

That as direct result of the incident described herein above, Anthony Duckworth sustained injuries to his heart, lungs, back, shoulder and head requiring medical treatment.

XII.

That plaintiffs were exposed to toxic fumes that makes them predisposed to develop cancer.

XIII.

That plaintiffs are entitled to recover damages for their physical pain and suffering, mental pain and suffering, lost wages, medical expenses, past, present future and permanent injury and fear of developing cancer.

**WHEREFORE**, plaintiffs prays that the defendant **DTCS** and **ARKEMAN** be duly cited and served with a copy of this complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiffs and against the defendant **DTCS** and **ARKEMAN** in an amount sufficient to adequately compensate them for their damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

        **BRUNO & BRUNO, L.L.P.**

        BY:__/s/Stephen P. Bruno_____
        Stephen P. Bruno, #1272
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: 504-525-1335

WILL SERVE BY WAIVER