UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOENDEL HERNANDEZ, ET AL.** <br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3621** |
| **DEDICATED TCS, L.L.C., ET AL.** <br>    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Dedicated TCS, LLC's ("DTCS") Rule 12(b)(6) Motion to Dismiss.[1] Plaintiffs oppose this motion and alternatively request a second opportunity to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[2] For the following reasons, DTCS' motion to dismiss is **GRANTED**.

## BACKGROUND

On April 22, 2016, Plaintiffs Joendel Hernandez and Anthony Duckworth filed their complaint against DTCS and Arkema, Inc.[3] Plaintiffs allege that on or about October 8, 2015, Plaintiffs, employees of DTCS, were assigned to clean a tank car at DTCS' facility in New Orleans. The Complaint alleges that DTCS was aware that the tank to be cleaned contained hazardous and/or toxic chemical vapors and the employees would have to work in a confined space without ventilation. Plaintiffs allege that DTCS did not test the air quality prior to ordering plaintiffs to enter the tank car and failed to provide Plaintiffs with breathing apparatus to ensure their ability to breathe upon entering the tank car. Plaintiffs allege they immediately lost consciousness as a direct result of the exposure to hazardous vapors in the tank and the lack of oxygen.

---

[1] R. Doc. 35.
[2] R. Doc. 42.
[3] R. Doc. 1.

1

Plaintiffs allege that the Occupational Safety and Health Administration conducted an exhaustive investigation of the incident and concluded that the incident was caused by the intentional acts of DTCS.[4] Plaintiffs allege that as a result of the incident Joenedel Hernandez sustained injuries to his heart, lungs and head requiring medical treatment and Anthony Duckworth sustained injuries to his heart, lungs, back, shoulder and head requiring medical treatment.[5]

On September 1, 2016, Defendant DTCS filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that the Louisiana Workers' Compensation Act ("LWCA") bars tort claims against employers by employees injured on the job unless the employee can prove that the employer is liable for an intentional tort.[6] On November 23, 2016, the Court issued an Order requiring Plaintiffs to amend their complaint to address DTCS' argument that they failed to plead facts demonstrating their claims are not barred by the LWCA.[7] On December 7, 2016, Plaintiffs filed their First Amended Complaint[8] and DTCS' motion was dismissed as moot.[9] Shortly thereafter on December 20, 2016, DTCS filed a motion to dismiss Plaintiffs' supplemental and amending complaint.[10] Pursuant to the Plaintiffs' *ex parte* motion, DTCS' motion was continued to January 25, 2017.[11]

In its motion to dismiss Plaintiffs' supplemental and amending complaint, DTCS argues "Plaintiffs' Supplemental Complaint has the same defects as the original Complaint."[12] Although DTCS acknowledges the Plaintiffs now allege that DTCS

---

[4] *See* R. Doc. 1 at 3, R. Doc. 32.
[5] R. Doc. 1 at 4.
[6] R. Doc. 13.
[7] R. Doc. 25.
[8] R. Doc. 32.
[9] R. Doc. 33.
[10] R. Doc. 35.
[11] R. Doc. 40.
[12] R. Doc. 35 at 1.

2

"intentionally caused" their damages, DTCS contends "[t]hese cosmetic changes do not, however, solve the problem with Plaintiffs' claims."[13] According to DTCS, even "if it is true that Plaintiffs' damages stem from [DTCS'] *intentional* failure to test air quality or provide safety equipment in violation of OSHA so as to enable Plaintiffs to allege that [DTCS] intentionally caused their injuries – Plaintiffs have *still not asserted a valid intentional tort claim against* [DTCS]."[14]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[18] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[19]

---

[13] *Id.* at 2.
[14] *Id.* at 3 (emphasis in original).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[17] *Id.*
[18] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[19] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[21] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[22]

## LAW AND ANALYSIS

I. Plaintiffs Have Not Alleged a Claim Under The Intentional Act Exception to the LWCA

Under Louisiana law, the exclusive remedy for an employee who is injured while in the course and scope of his employment is the LWCA, unless the employee can prove that the injury is the result of the employer's "intentional act."[23] As DTCS correctly identifies, "The Louisiana Supreme Court has held that 'intentional act' in this context means 'intentional tort.'"[24] As the Louisiana Supreme Court explained in *Bazely*, "The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what he did."[25] Stated differently, "Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result."[26]

Plaintiffs allege that despite numerous OSHA citations, including some identified by OSHA as "willful" violations, DTCS sent the Plaintiffs in to clean the tank car

---

[20] *Twombly*, 550 U.S. at 555.
[21] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[22] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[23] *See* La. Rev. Stat. §§ 23:1032(A), (B) (1990).
[24] R. Doc. 35-1 at 4 (quoting *Bazely v. Tortorich*, 397 So. 2d. 475, 482 (La. 1981).
[25] *Bazely*, 397 So. 2d at 482.
[26] *Id.* (citations omitted).

4

containing hazardous chemicals without (1) testing the quality of the air, (2) supplying lifelines, (3) ensuring that employees were provided necessary respiratory protection, (4) following routine safety rules, (5) training employees regarding working in confined spaces where chemicals are present; or (6) ensuring that adequately trained rescue personnel could respond to the facility in a timely manner.[27] Plaintiffs allege that DTCS intentionally caused injuries to the plaintiffs by engaging in a deliberate pattern of "failing to test the air quality in the tankers prior to sending the workers into the tank cars to work when they had absolute knowledge the cars *might* contain hazardous chemicals."[28] The Court finds that even accepting the allegations in the Plaintiffs' Supplemental and Amending Complaint as true, Plaintiffs have not sufficiently alleged a viable cause of action against DTCS under the intentional act exception to the LWCA.

"The standard for prevailing on a claim of intentional tort under Louisiana law is extremely high."[29] As the Louisiana Supreme Court explained in *Reeves v. Structural Preservation Systems*, Louisiana courts of appeal have "narrowly construed the intentional act exception according to its legislative intent and have almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment."[30] As explained in *Reeves*, "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."[31]

---

[27] R. Doc. 32 at 1-2.
[28] R. Doc. 32 at 1.
[29] *Roux v. Pinnacle Polymers, L.L.C.*, 2014 WL 129815, at *3 (E.D. La. Jan. 14, 2014).
[30] 731 So. 2d 208, 211-12 (La. 1999) (collecting cases).
[31] *Id.* at 212.

Establishing that a workplace injury resulted from an intentional act under the LWCA requires evidence that the employer either (1) consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct, or (2) knew that result was substantially certain to follow from his conduct, whatever his desire may have been as to the result.[32] Louisiana courts have explained that "[t]he phrase substantially certain to follow means more than a reasonable probability that an injury will occur."[33] Other Louisiana courts have interpreted that "substantial certainty" is the "equivalent to inevitable, virtually sure and incapable of failing."[34] As the court in *Gardner* explained:

> Believing that someone may, or even probably will eventually get hurt if workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. Neither knowledge and appreciation of a risk nor reckless or wanton conduct by an employer constitutes an intentional wrongdoing. Further, even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering a claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the actual intention to injure that robs the injury of accidental character.[35]

The Plaintiffs do not allege that DTCS consciously desired that they sustain their injuries. In Plaintiffs' opposition, they argue that "[b]ecause the Defendant has been reprimanded by OSHA multiple times for repeat violations directed to the identical safety issues that led to the [P]laintiffs' injuries, the Defendant was aware that such a result was substantially certain to follow from [its] conduct."[36] However, there is no allegation in either the initial Complaint or the Supplemental and Amending Complaint that DTCS was

---

[32] *See Moreau v. Moreau's Material Yard, L.L.C.*, 98 So. 3d 297 (La. 2012).
[33] *See Gardner v. Graft*, 137 So. 3d 69, 75 (La.App. 2 Cir.2014) (internal quotations and citations omitted).
[34] *Roux*, 2014 WL 129815, at *3 (quoting *King v. Schulykill Metals Corp.*, 581 So. 2d 300, 302 (La.App. 1st Cir.1991)).
[35] *Gardner*, 137 So. 3d at 75 (citations omitted).
[36] R. Doc. 42 at 6.

6

aware that Plaintiffs' injuries were substantially certain to follow from its conduct. Even if this conclusory allegation or legal conclusion had been included, there are not sufficient factual allegations to allow the Court to draw the reasonable inference that the Plaintiffs' injuries were equivalent to inevitable, virtually sure, and incapable of failing to occur as a result of Defendant's actions or inactions.

Even accepting the allegations in their complaint as true, the Court finds the Plaintiffs have not sufficiently alleged that DTCS knew that the Plaintiffs' injuries were substantially certain to follow as a result of the actions it did or did not take. Instead, the Amended Complaint includes allegations of the kind Louisiana courts have found to be insufficient to establish intentional tort liability under the LWCA. DTCS' 12(b)(6) motion to dismiss for failure to state a claim under the intentional act exception to the LWCA is granted.[37]

II. Plaintiffs' Alternative Motion for Leave to Amend Their Complaint

Alternatively, Plaintiffs request a second opportunity to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure if the Court finds that Plaintiffs' Supplemental and Amending Complaint fails to state a cause of action for an intentional tort against DTCS.[38] The Plaintiffs were granted leave to file an amended complaint following the filing of DTCS's first motion to dismiss.[39] In its first motion to dismiss, DTCS raised the LWCA bar to tort claims. Even though given the opportunity, Plaintiffs Supplemental and Amending Complaint does not adequately set forth factual

---

[37] Throughout their opposition, Plaintiffs argue the cases cited by Defendant are distinguishable, at least in part, because the cases cited by DTCS were not decided at the pleadings stage. *See, e.g.,* R. Doc. 42 at 6-7. However, the Fifth Circuit has affirmed the granting of a defendant's motion to dismiss when a plaintiff's complaint "fall[s] in line with the cases that held that violations of safety standards or failing to provide safety equipment d[o] not demonstrate that the employer knew to a substantial certainty that an injury would occur." *See Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 264 (5th Cir. 2014).
[38] R. Doc. 42 at 13.
[39] R. Doc. 25.

7

allegations to support this claim. In *Great Plains Trust Company v. Morgan Stanley Dean Witter & Company*, the Fifth Circuit explained, "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case."[40] The Fifth Circuit has also explained that one of the valid reasons for a district court to deny a plaintiff's request for leave to amend is because the party has failed to cure deficiencies by amendments previously allowed.[41] The Plaintiff's alternate motion for leave to file a second amended complaint is not warranted.

## CONCLUSION

For the abovementioned reasons, **IT IS ORDERED** that Defendant Dedicated TCS, LLC's Rule 12(b)(6) Motion to Dismiss[42] is **GRANTED**. The Plaintiffs' claims against Defendant Dedicated TCS, LLC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a second amending complaint[43] is **DENIED**.

**New Orleans, Louisiana, this 3rd day of March, 2017.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] 313 F.3d 305, 329 (5th Cir. 2002).
[41] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).
[42] R. Doc. 35.
[43] *See* R. Doc. 42 at 13.